UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00020-GNS

JAMES H. MASSEY; and
TAMARA S. MASSEY                                                                             PLAINTIFFS

v.

SPECIALIZED LOAN SERVICING LLC et al.                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Clarification (DN 33), Defendants' Motion for Attorneys' Fees and Other Sanctions (DN 36), and Plaintiffs' Amended Motion for Reconsideration[1] (DN 40). The motions are ripe for adjudication.

### I. BACKGROUND

Plaintiffs James and Tamara Massey ("James" or "Tamara" separately, or "Plaintiffs" jointly) are the owners of real property located in Warren County, Kentucky. (Compl. ¶ 1, DN 1). In 2007, Plaintiffs took out a home equity line of credit secured by a mortgage on their Warren County property. (Compl. ¶ 2). After multiple assignments and transfers, Defendant Specialized Loan Servicing, LLC ("SLS") became the holder of the lien. (Compl. ¶ 4). On August 23, 2019, Plaintiffs received a payoff statement from SLS indicating the total amount required to pay off the balance on the line of credit was $25,849.76. (Compl. ¶¶ 7-8). On August 27, 2019, Plaintiffs purchased a cashier's check in the amount of $25,849.76 made payable to SLS and sent the check through certified mail to an address

---

[1] In light of Plaintiffs' amended motion to reconsider, the original Motion to Reconsider (DN 38) is deemed withdrawn.

1

designated by SLS.  (Compl. ¶¶ 10-12).  On August 30, 2019, SLS "received, accepted, and took possession of the check."  (Compl. ¶ 14).

On May 12, 2020, James, individually, filed a complaint in this Court against SLS alleging diversity jurisdiction and asserting claims for theft, fraud, extortion, outrage, and punitive damages. Compl. at 4, *Massey v. Specialized Loan Servicing, LLC*, No. 1:20-CV-00088-GNS (W.D. Ky. May 12, 2020) (DN 1).  In that prior complaint, James alleged facts nearly identical to the facts alleged in the instant Complaint.  James alleged that he had a home equity line of credit account held by SLS which he attempted to pay off by check in the amount of $25,849.76 which SLS received on August 30, 2019.  *Id.* at 5.  The prior complaint also alleged that SLS then informed James that it was unable to locate the check.  *Id.* at 7.  On May 16, 2020, James filed voluntary disclosures stating his bank had refunded him the amount of the cashier's check.  Pl.'s Voluntary Discl. ¶¶ 8-9, *Massey v. Specialized Loan Servicing, LLC*, No. 1:20-CV-00088-GNS (W.D. Ky. July 2, 2020) (DN 16).  On January 29, 2021, this Court dismissed the complaint with prejudice.  *Massey v. Specialized Loan Servicing, LLC*, No. 1:20-CV-00088-GNS, 2021 WL 311868 (W.D. Ky. Jan. 29, 2021) (DN 25).  James did not appeal this Court's decision.

James filed a subsequent action in the District of Colorado against SLS and Computershare Limited that was dismissed on *res judicata* grounds.  *See generally Massey v. Computershare Ltd.*, No. 21-cv-0601-WJM-SBP, 2024 WL 943411 (D. Colo. Mar. 5, 2024).

On February 9, 2023, Plaintiffs filed the Complaint in this action alleging that Defendants violated KRS 382.365 and seeking damages and declaratory relief in Warren Circuit Court.  (Compl. 8-10).  Defendants removed the action to this Court.  (*See* Notice Removal, DN 1).  The Court dismissed the action on *res judicata* grounds.  (*See* Mem. Op. & Order, DN 31).  Plaintiffs appealed.  (*See* Notice Appeal, DN 34).

## II. DISCUSSION

"As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court." *Tunne v. Paducah Police Dep't*, No. 5:08-CV-00188-JHM-ER, 2011 WL 2947042, at *1 (W.D. Ky. July 19, 2011) (quoting *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993)). Fed. R. App. P. 4 identifies certain motions that a district court retains jurisdiction to consider even upon the filing of a notice of appeal. Fed. R. App. P. 4(a)(4). Further, "the Sixth Circuit has consistently held that a district court retains jurisdiction to proceed with matters that are in aid of the appeal." *Tunne*, 2011 WL 2947042, at *1 (internal quotation marks omitted) (quoting *Lewis*, 987 F.2d at 394). Accordingly, because of the pending appeal in this case, the Court must determine whether it has jurisdiction to consider each of the instant motions.

### A. Plaintiffs' Motion for Clarification (DN 33)

#### 1. *Construing the Motion*

The Federal Rules of Civil Procedure do not contemplate a motion for clarification. *See, e.g.*, *Dixit v. Smith*, No. 2:21-cv-02602-JTF-atc, 2023 WL 6367666, at *1 (W.D. Tenn. Sept. 29, 2023) ("The Federal Rules of Civil Procedure do not provide for a 'motion for clarification.'"). This motion identifies a number of factual findings that Plaintiffs assert were implicit in the dismissal of this action. (*See* Pls.' Mot. Clarification 1-2, DN 33). Accordingly, the motion is best construed as a Fed. R. Civ. P. 52(b) motion for amended or additional findings of fact.

#### 2. *Jurisdiction*

The Sixth Circuit has explained that:

[U]nder Federal Rule of Appellate Procedure 4(a)(4), a timely motion for findings of fact under Federal Rule of Civil Procedure 52(b) render[s] a notice of appeal effective only after the district court enters an order disposing of such motion. [T]he concept of 'effectiveness' . . . delay[s] the transfer of jurisdiction to the appellate court from an otherwise timely filed notice of appeal until the relevant post-judgment motion is decided. This is true regardless of whether the motion was filed before or after the notice of appeal.

*Slep-Tone Ent. Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 712, 716 (6th Cir. 2015) (alterations in original) (internal quotation marks omitted) (internal citations omitted) (citations omitted). Plaintiffs filed this motion within the twenty-eight-day time limit set by Fed. R. Civ. P. 52(b). (*See* Pls.' Mot. Clarification); Fed. R. Civ. P. 52(b). Accordingly, the Court has jurisdiction to consider the motion.

        3.    *Analysis*

Under the plain language of Fed. R. Civ. P. 52, district courts are not required to make findings of fact when considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion."). The Court was not required to, and therefore did not, make findings of fact when it dismissed the Complaint and declines to do so now. *See Byrd v. United States*, No. 12-CV-12174, 2013 WL 462326, *2 n.1 (E.D. Mich. Feb. 7, 2013) (declining to consider a Fed. R. Civ. P. 52(b) motion regarding a motion to dismiss (citing Fed. R. Civ. P. 52(a)(3))). Accordingly, the motion is denied.

    B.    **Defendants' Motion for Attorneys' Fees and Other Sanctions (DN 36)**

        1.    *Jurisdiction*

"[A] 'district court retains jurisdiction to resolve a motion for attorneys['] fees or sanctions even while an appeal of the merits is pending in the court of appeals.'" *Mafcote, Inc. v. Fed. Ins. Co.*, No. 3:08-CV-11-S, 2011 WL 3793661, at *1 (W.D. Ky. Aug. 25, 2011) (quoting *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 156 (6th Cir. 1988) *superseded on other grounds by rule and statute as recognized in Vance ex rel. Hammons v. United States*, 182 F.3d 920, 1999 WL 455435, at *6 (6th Cir. 1999) (unpublished table decision)); *Rees v. Iron Workers' Loc. No. 25 Pension Fund*, No. 14-CV-12401, 2015 WL 13035128, at *2 (E.D. Mich. Dec. 23, 2015) ("[A] district court retains jurisdiction to rule on a pending motion for attorney[s'] fees even when an appeal is pending . . . ." (citations omitted)).

### 2. *Standard of Review*

"The district court has the inherent authority to award fees when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons." *McClafferty v. Portage Cnty., Ohio Bd. of Comm'rs*, No. 21-3335, 2021 WL 5755631, at *5 (6th Cir. Dec. 3, 2021) (quoting *First Bank of Marietta v. Hartford Underwriters, Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002)). "In order to award attorney[s'] fees . . . , a district court must find that 'the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Id.* (quoting *First Bank of Marietta*, 307 F.3d at 512). As this Court has explained:

> The Sixth Circuit has emphasized that "the 'mere fact that an action is without merit does not amount to bad faith.'" Accordingly, "in order for a court to find bad faith sufficient for imposing sanctions under its inherent powers, the court must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." Examples of "something more" conduct include "a finding that the party had filed the suit 'for purposes of harassment or delay, or for other improper reasons,' or "a party's improper use of the courts . . . demonstrated by the fact that the plaintiff 'file[d] a meritless lawsuit **and** [withheld] material evidence in support of a claim.'" Additionally, "[h]arassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts are all examples of the sorts of conduct that will support a finding of bad faith or improper purpose."

*Goodwin v. Huhtamaki, Inc.*, No. 5:18-CV-00016-TBR, 2018 WL 3097332, at *4 (W.D. Ky. June 22, 2018) (alterations in original) (internal citations omitted) (quoting *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 753-54 (6th Cir. 2010)). Importantly, "[b]ecause the court's inherent power to impose sanctions is discretionary, the court is not required to sanction a party or attorney even if it has determined that some wrongdoing has occurred." *Butrum v. Louisville Metro. Gov't*, No. 3:17-CV-330-RGJ-CHL, 2020 WL 1518629, at *8 (W.D. Ky. Mar. 30, 2020) (alteration in original) (quoting *Murray v. City of Columbus*, 534 F. App'x 479, 485 (6th Cir. 2013)). Indeed, "[b]ecause inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Greene v. Indep. Pilots Ass'n*, No. 18-5296, 2018 WL 9651540, at *3 (6th Cir. Oct. 4, 2018) (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980)). Nonetheless, "the Court

'should not shrink from exercising it when sanctions are justified by the circumstances.'" *Butrum*, 2020 WL 1418629, at *8 (quoting *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008)). "In exercising its inherent authority, the Court is vested with discretion to 'fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).

### 3. *Analysis*

Defendants brief the Court extensively on Plaintiffs' conduct and the surrounding context that support a finding of bad faith and ask that the Court award attorneys' fees incurred in defending this action and enjoin Plaintiffs from filing future related actions without the Court's approval. (*See* Defs.' Mot. Att'ys' Fees & Other Sanctions 12-24, DN 36).

This Court has used its inherent power to impose sanctions in the past. For example, in *Greene v. Independent Pilots Association*, No. 3:14-CV-628-TBR, 2018 WL 1022592 (W.D. Ky. Feb. 22, 2018), *aff'd*, No. 18-5296, 2018 WL 9651540 (6th Cir. Oct. 4, 2018), the plaintiff had engaged in inappropriate behavior from the case's inception, including repeated name-calling and false accusations of criminal activity. *See id.* at *8-9. The Court granted the motion and awarded attorneys' fees and costs incurred in bringing the motion for sanctions, concluding:

> In sum, Greene's continued disrespect, inappropriate behavior, disregard for rules, and failure to heed warnings from the Court, has led to this point, at which time sanctions must be levied against him. Greene's conduct, both with respect to his contacting individuals via email with thinly-veiled, and sometimes outright, threats of criminal prosecution, coupled with his insistence that witnesses change their statements, falls squarely within what the Sixth Circuit and the Supreme Court have classified as "litigat[ing] in bad faith, vexatiously, wantonly, or for oppressive reasons."

*Id.* at *10 (quoting *First Bank of Marietta*, 307 F.3d at 512). Here, Plaintiffs' behavior falls far short of that described in *Greene*, and even there this Court granted only attorneys' fees related to the motion for sanctions. *See id.* at *10. The plaintiff in *Greene* also had the benefit of a warning, which he chose to ignore. *Id.*

6

A more instructive case is *Weber v. Louisville Metro Police Department*, No. 3:16-cv-381-DJH, 2016 WL 6909483 (W.D. Ky. Nov. 22, 2016). In *Weber*, the Court, *sua sponte*, after noting its inherent authority to impose sanctions, found that the "[p]laintiff's continued filing of lawsuits against LMPD and CPD making essentially the same allegations despite the dismissal of previous actions [was] abusive, wasteful of judicial resources, and vexatious." *Id.* at *3. The Court then warned the plaintiff that additional lawsuits would result in sanctions. *Id.*

While filing three actions related to the same set of facts is excessive, and could be fairly described as vexatious, the circumstances of this case resemble *Weber* more than *Greene* and so a warning, as opposed to monetary sanctions, is appropriate. Accordingly, Defendants' motion for sanctions is denied. **Plaintiffs are *WARNED*, however, that any further attempts to relitigate Defendants' liability, collaterally attack this Court's judgment, or otherwise harass Defendants with frivolous litigation will result a pre-filing restriction being placed upon them in addition to other potential sanctions.**

      C.      <u>Plaintiffs' Fed. R. Civ. P. 60(b) Motion for Reconsideration (DN 40)</u>

           1.      *Jurisdiction*

Fed. R. App. P. 4 allows a district court to consider certain motions despite the filing of a notice of appeal, including motions made under Fed. R. Civ. P. 60, so long as those motions are filed within the time allowed for filing motions under Fed. R. Civ. P. 59, that is, twenty-eight days. Fed. R. App. P. 4(a)(4); *see* Fed. R. Civ. P. 59. Because Plaintiffs' motion for reconsideration was not filed within twenty-eight days of the judgment, it would not be within in the purview of Fed. R. App. P. 4. Nonetheless, the Court may still have jurisdiction to consider a Fed. R. Civ. P. 60(b) motion if it is in "aid of the appeal." *Tunne*, 2011 WL 2947042, at *1 (quoting *Lewis*, 987 F.2d at 394). "Whether a Rule 60(b) motion would aid in an appeal requires that the district court make a tentative ruling upon the proposed motion." *Id.* (citing *Cochran v. Birkel*, 651 F.2d 1219, 1221 n.5 (6th Cir. 1981); *First Nat'l Bank of Salem v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976)). "If [the district] court indicates that

7

it will grant the motion, the appellant should then make a motion in [the Sixth Circuit] for a remand of the case in order that the District Court may grant the motion . . . ." *Sublett v. Hall*, No. 4:19-CV-00144-JHM, 2022 WL 2671860, at *1 (W.D. Ky. July 11, 2022) (second alteration in original) (quoting *Hirsch*, 535 F.2d at 346).

### 2. *Standard of Review*

Fed. R. Civ. P. 60(b)(4) allows a party to move for relief from a judgment where that judgment is void. Fed. R. Civ. P. 60(b)(4). "[C]ourts considering Rule 60(b)(4) motions 'generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction.'" *Salem Pointe Cap., LLC v. BEP Rarity Bay, LLC*, 854 F. App'x 688, 702 (6th Cir. 2021) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)). "Void judgments are those that are 'so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final,' and '[t]he list of such infirmities is exceedingly short.'" *Id.* (alteration in original) (quoting *United Student Aid Funds*, 559 U.S. at 270). "[I]f the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." *Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011) (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995)).

### 3. *Analysis*

Plaintiffs argue that this Court lacked subject matter jurisdiction to dismiss the original lawsuit, *Massey v. Specialized Loan Servicing, LLC*, No. 1:20-CV-00088-GNS. (*See* Pls.' Mot. Recons. 1, DN 40). The Court already addressed these arguments in considering James' motion to vacate that dismissal and considered subject matter jurisdiction in this case upon Plaintiffs' motion to remand. *See* Mem. Op. & Order, *Massey v. Specialized Loan Servicing, LLC*, No. 1:20-CV-00088-GNS (W.D. Ky. Oct. 25, 2023) (DN 34); (Mem. Op. & Order 6-9, DN 31). Simply put, Plaintiffs have offered nothing to support the conclusion that this Court lacked subject matter jurisdiction when it dismissed either lawsuit. For these reasons, "the Court is not disposed to granting the motion to reconsider." *Tunne*,

8

2011 WL 2947042, at *1. "Therefore, a determination of the matter would not aid in the appeal . . . ." *Id.* The motion is therefore denied for want of jurisdiction. *See id.* ("[T]he Court finds that it does not have jurisdiction to hear this matter.").

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' Motion for Clarification (DN 33) is **DENIED**.

2. Defendants' Motion for Attorneys' Fees and Sanctions (DN 36) is **DENIED**.

3. Plaintiffs' Amended Motion for Reconsideration (DN 40) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

April 16, 2024

cc: counsel of record
Plaintiffs, *pro se*